UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALESDRIVERS, HELPERS AND DAIRY EMPLOYEES, LOCAL UNION NO. 683, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Plaintiff,<br><br>v.<br><br>PASHA AUTOMOTIVE SERVICES,<br><br>Defendant. | Case No.: 21-CV-1888 JLS (DEB)<br><br>**ORDER DENYING WITHOUT PREJUDICE EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF No. 3) |

Presently before the Court is Plaintiff Salesdrivers, Helpers and Dairy Employees, Local Union No. 683, International Brotherhood of Teamsters's *Ex Parte* Motion for Temporary Restraining Order ("Mot.," ECF No. 3). Plaintiff requests the Court order Defendant "to cease and desist from violating Article IV of the [collective bargaining agreement (")CBA[")] and allow the authorized business representative access to the Employer's facilities." Mot. at 9. For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's *ex parte* Motion.

///

///

## LEGAL STANDARD

Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order ("TRO"). The standard for a temporary restraining order is identical to the standard for a preliminary injunction. *Frontline Med. Assocs., Inc. v. Coventry Healthcare Worker's Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009). A plaintiff seeking preliminary relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The elements of this test are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for Wild Rockies v. Cottrell,* 622 F.3d 1045, 1049–50 (9th Cir. 2010), *rev'd on other grounds*, 632 F.3d 1127 (9th Cir. 2011). Generally, a temporary restraining order is considered to be "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

When a plaintiff has not provided notice of its application to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes specific requirements prior to the issuance of a temporary restraining order.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The stringent restrictions imposed . . . by Rule 65[ ] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–39 (1974) (footnote omitted).

Accordingly, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). "For example, an ex parte TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'" *Id.* (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Alternatively, "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.3d at 322). This District has additional requirements that parties must meet to demonstrate they are entitled to *ex parte* relief:

> A motion for an order must not be made ex parte unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

S.D. Cal. Civ. R. 83.3(g)(2).

## ANALYSIS

Here, Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 65(b)(1) or Civil Local Rule 83.3(g)(2) for a temporary restraining order without notice. There is no declaration or affidavit accompanying Plaintiff's Motion that certifies Plaintiff's efforts to give notice to Defendant and the reasons why notice should not be required. Additionally, Plaintiff has not demonstrated that notice is impossible or would render further prosecution of the action fruitless, as is required for an *ex parte* TRO. *Reno Air Racing*, 452 F.3d at 1131. Because Plaintiff has not met the requirements for a TRO without notice, Plaintiff's Motion is **DENIED**.

## CONCLUSION

For the reasons stated, Plaintiff's *ex parte* motion for a temporary restraining order is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: November 18, 2021

Hon. Janis L. Sammartino
United States District Judge